UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| LOUISIANA DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT | CIVIL ACTION NO. 12-0712 |
| VERSUS | JUDGE ROBERT G. JAMES |
| MARQUETTE TRANSPORTATION COMPANY, LLC and JOHN DOE | MAG. JUDGE KAREN L. HAYES |

RULING

Pending before the Court is a Motion for Summary Judgment [Doc. No. 28] filed by Defendant Marquette Transportation Company, LLC ("Marquette"). Plaintiff Louisiana Department of Transportation and Development ("LDOT") has filed an opposition memorandum [Doc. No. 37], and Marquette has filed a reply memorandum [Doc. No. 59].

For the following reasons, the motion is GRANTED, and LDOT's claim that Marquette's sunk barge caused scouring at the base of Piers E1 and E2 of the Vicksburg Bridge is DISMISSED WITH PREJUDICE. At this time, subject to review of the pending motions, LDOT's other claims, including its claim that the sinking of Marquette's barge aggravated the scouring, remain pending for trial.

**I.   FACTS**

This case arises from the sinking of a barge on the Mississippi River. On the afternoon of March 23, 2011, a tug owned by Marquette, KAY A. ECKSTEIN, was southbound on the Mississippi River pushing a 30-barge tow. The river stage of 41.58 feet was high and rising, and the current was strong. While passing through the old I-80 bridge, barge BUNGE-489, the second lead

barge from starboard, struck the left descending channel span pier of the bridge, causing the tow to break apart at 1430 hours. The starboard lead barge, SCF-2301, was adrift and contacted the left descending channel span ("Pier E1") of the I-20 bridge.[1] A short time later, the barge sank in its position on the upriver side of Pier E1.

In its original Complaint, the LDOT asserted a claim that the sinking of the barge caused scouring at the bases of Piers E1 and E2. Scour, a type of erosion, is the removal of sediment, such as sand and rocks from river banks and beds, which occurs as a result of swiftly moving waters. However, the LDOT's hydrologist, Steve Lee, admitted that there have been scour holes around Piers E1 and E2 since LDOT began its Hydrographic Survey Monitoring in 1975.

## II.   LAW AND ANALYSIS

### A.   Standard of Review

Under Federal Rule of Civil Procedure 56, summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render

---

[1] LDOT has not alleged in its Complaint or subsequent filings that the sinking of the barge resulted in damage to the piers or in pier movement.

a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

      **B.**      **Maritime Claims Related to Scouring**

"'Under the general maritime law, a party's negligence is actionable only if it is the 'legal cause' of the plaintiff's injuries,' which is 'something more than 'but for' causation [—]the negligence must be a substantial factor' in causing the injuries." *In re Great Lakes Dredge & Dock Co., LLC,* 624 F.3d 201, 213-14 (5th Cir. 2010) (quoting *Donaghey v. Ocean Drilling & Explor. Co.*, 974 F.2d 646, 649 (5th Cir. 1992)).

Although LDOT filed an opposition memorandum in this case, LDOT admits that the sinking of the Marquette barge did not cause scouring. Rather, LDOT contends that "this is a case of aggravation [of the scour holes], not original causation." [Doc. No. 37]. In a July 16, 2013 Memorandum Order [Doc. No. 102], Magistrate Judge Hayes granted leave for LDOT to file a Second Amended Complaint [Doc. No. 103] "to clarify that Marquette's sunken barge generated turbulence around Pier E1 that aggravated the scour hole by causing the rapid expansion of the

dimensions of the hole."[2] [Doc. No. 102, p. 2]. Under these circumstances, there is no genuine issue of material fact for trial on LDOT's original causation claim.

### III.    CONCLUSION

For the foregoing reasons, Marquette's Motion for Summary Judgment [Doc. No. 28] is GRANTED. LDOT's claim that the sinking of Marquette's barge caused the scouring at the bases of Piers E1 and E2 of the I-20 Vicksburg Bridge is DISMISSED WITH PREJUDICE. At this time, subject to review of the pending motions, LDOT's other claims, including its claim that the sinking of Marquette's barge aggravated the scouring, remain pending for trial.

MONROE, LOUISIANA, this 18th day of July, 2013.

*(signature)*
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[2] Although LDOT did request emergency federal funding to repair a scour hole after this incident, that scour hole was approximately 400 feet downriver of Piers E1 and E2. LDOT does not contend that the repair to this scour hole was related to the incident at issue.