UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| LOUISIANA DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT | CIVIL ACTION NO. 12-0712 |
| VERSUS | JUDGE ROBERT G. JAMES |
| MARQUETTE TRANSPORTATION COMPANY, LLC, ET AL. | MAG. JUDGE KAREN L. HAYES |

RULING

Pending before the Court is a Motion for Summary Judgment [Doc. No. 214] filed by Defendant Ergon Marine & Industrial Supply, Inc. ("EMIS"). EMIS moves the Court to dismiss all claims asserted against it by Plaintiff Louisiana Department of Transportation and Development ("DOTD"). Although DOTD originally opposed the motion, DOTD has since been allowed leave of Court to withdraw its opposition. Thus, the pending motion is unopposed.

For the following reasons, EMIS's Motion for Summary Judgment is GRANTED, and the claims against it are DISMISSED WITH PREJUDICE.

I.   FACTS

The facts have been recounted in the Court's Ruling on EMIS's previous Motion for Summary Judgment. [Doc. No. 202]. The Court's recitation of facts in that Ruling are hereby incorporated by reference.

In this Motion for Summary Judgment, EMIS provides additional undisputed facts. Specifically, it is undisputed that EMIS planned to attempt to free the Barge SCF-2301 from Pier E1, but was delayed in wait for the United States Coast Guard officers who wished to attend. Before the

barge could be reached by an EMIS vessel or crewmember, it rotated and sank at the base of Pier E1. EMIS was able to successfully collect and secure nearly thirty loose barges that were floating downriver as a result of the allision with the Highway 80 bridge.

## II. LAW AND ANALYSIS

### A. Motions for Summary Judgment

Under Federal Rule of Civil Procedure 56, summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

> The Fifth Circuit Court of Appeals has instructed that, when no jury demand is made, a
>
> court may conclude on the basis of the affidavits, depositions, and stipulations before it, that there are no genuine issues of material fact, even though decision may depend on inferences to be drawn from what has been incontrovertibly proved . . . . A trial on the merits would reveal no additional data. Hearing and viewing the witnesses subject to cross-examination would not aid the determination if there are neither issues of credibility nor controversies with respect to the substance of the proposed testimony. The judge, as trier of fact, is in a position to and ought to draw his inferences without resort to the expense of trial.

*Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1123-24 (5th Cir. 1978) (citations omitted). Thus, where "the evidentiary facts are not disputed, a court in a nonjury case may grant summary judgment if trial would not enhance its ability to draw inferences and conclusions." *Id.; see also Matter of Placid Oil Co.*, 932 F.2d 394, 397-98 (5th Cir. 1991) (same).

In this case, DOTD has withdrawn its opposition. Thus, EMIS's statement of uncontested material facts is deemed admitted for the purposes of the instant motion. Local Rule 56.2.

### B. Maritime Law

DOTD's Complaint alleges that EMIS was "negligent in failing to adequately respond to the casualty and ensuing state of emergency, and failing to promptly release the barge from its position against Pier E1 before it sank." [Doc. Nod. 132, ¶ 8]. Thus, according to EMIS, DOTD is seeking damages allegedly resulting from the sinking of the SCF Barge, which was the exact injury Plaintiff would have suffered if EMIS has not volunteered to help.

The Fifth Circuit has recognized that private parties do not have a duty to render assistance to a vessel in distress. *See In re American Oil*, 417 F.2d 164, 167 (5th Cir. 1969); see also *Gough v. U.S. Navy,* No. 08+1360, 2009 WL 2711996 at *4 (S.D. Cal. Aug. 25, 2009); *Wright v. United States*, 700 F.Supp. 490, 494 (N.D. Cal. 1988) ("A private party has no affirmative duty to rescue

a vessel or person in distress.") (citing *Basic Boats, Inc. v. United States*, 352 F.Supp. 44, 48 (E.D. Va. 1972); *Lacey v. United States*, 98 F.Supp. 219, 220 (D. Mass. 1951). While federal law imposes two statutory duties to render assistance, neither of those duties applies in this case. EMIS was a third-party witness, not involved in the allision, who voluntarily attempted to rescue the barges set adrift. Thus, as EMIS owed no duty to rescue the barge, EMIS can owe no damages as a result of its failure to do so.

Given the Court's determination, it need not reach EMIS's remaining arguments. However, in the alternative, the Court finds that, even if EMIS acted as a salvor under general maritime law, it would not be liable. *See The Sabine*, 101 U.S. 384 (1879). The only injury at risk in this case is the same injury at risk without EMIS's intervention: that Barge SCF-2301, lodged at Pier E1, would sink. At trial, DOTD would, therefore, be required to show that EMIS's actions were grossly negligent or constituted gross misconduct. *See Adams v. Unione Mediterranea Di Sicurta*, 220 F.3d 659, 675-76 (5th 2000). In this case, DOTD does not allege in the Complaint, nor has it offered evidence that EMIS was grossly negligent or engaged in willful misconduct. Accordingly, EMIS is entitled to summary judgment.

### III. CONCLUSION

For the foregoing reasons, EMIS's Motion for Summary Judgment [Doc. No. 214] is GRANTED, and all claims against this Defendant are DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 1st day of July, 2014.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE