# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **LOUISIANA DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT** | **CIVIL ACTION NO. 12-0712** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **MARQUETTE TRANSPORTATION COMPANY, LLC, ET AL.** | **MAG. JUDGE JAMES D. KIRK** |

## RULING

Pending before the Court is a "Motion to Quash Trial Subpoena Issued to DOTD Secretary, Sherri LeBas" ("Motion to Quash") [Doc. No. 255] filed by Plaintiff Louisiana Department of Transportation and Development ("DOTD"). DOTD filed a supplemental memorandum [Doc. No. 279] in support of its motion, and Defendants Marquette Transportation Company, LLC ("Marquette"), Bluegrass Marine, LLC ("Bluegrass"), and SCF Marine, Inc. ("SCF") filed a joint opposition memorandum [Doc. No. 280].

For the following reasons, DOTD's Motion to Quash is DENIED.

As has been recounted in numerous filings, this case arises from an allision on the Mississippi River on the afternoon of March 23, 2011. Marquette's vessel struck the left descending channel span pier of the old I-80 bridge, causing the tow to break apart. The starboard lead barge, SCF-2301, was set adrift and contacted the left descending channel span ("Pier E-1") of the I-20 bridge. The SCF-2301 remained lodged at Pier E-1 for approximately 2 hours until it spiraled down into a ninety-degree rotation to the bed of the Mississippi River, where it came to rest at a perpendicular angle against the base of the pier. The SCF-2301 remained lodged there until April

19, 2011, when it was removed.

However, there is no claim for damages to the I-80 bridge or to the I-20 bridge, against which one of the barges later came to rest. Instead, DOTD seeks to recover for aggravation to scouring already present in the river bed. The Court previously ruled that Defendant Marquette is at fault, but that DOTD "must prove causation and damages at trial." [Doc. No. 168]. Thus, while the Court has technically found that Marquette is "at fault," DOTD has no right to recover on that basis; DOTD must still establish causation and damages to recover. DOTD is currently seeking $1.7 million to repair the scour hole downriver from the bridge.

Trial is set in the above-referenced matter for September 9, 2014, at 9:00 a.m. On July 22, 2014, Defendants issued a trial subpoena to DOTD Secretary, Sherri LeBas ("LeBas"). Defendants also indicated that they wished to depose LeBas.

On August 4, 2014, DOTD filed the instant Motion to Quash, contending that it would be unduly burdensome, expensive, and a waste of time for LeBas to be compelled to testify at trial. Although admitting that Defendants have discovery rights under the Federal Rules of Civil Procedure, DOTD argues that LeBas had no direct involvement or first-hand knowledge of the allision, was not present at the bridge site, or during any meetings, and, thus, her testimony has only limited value. Defendants had the right to issue a subpoena under Federal Rule of Civil Procedure 45, but DOTD argues that Defendants have failed to "take reasonable steps to avoid imposing undue burden . . ." on LeBas as required by that rule. DOTD further argues that Defendants have failed to comply with Louisiana Revised Statute § 13:3667.3, which was designed to protect Louisiana department heads and established the procedure to compel their attendance at trial. Finally, citing *United States v. 11,950 Acres of Land (In re FDIC)*, 58 F.3d 1055 (5th Cir. 1995), DOTD argues that

LeBas is a "high ranking" government official who should only be required to give testimony in extraordinary circumstances.

On August 21, 2014, with leave of Court, DOTD filed a supplemental memorandum [Doc. No. 277] in support of its Motion to Quash. Contrary to its original argument, DOTD admitted in the supplemental memorandum that LeBas **did** attend a meeting with the United States Coast Guard on the allision briefing on March 31, 2011, along with two other DOTD employees, Mr. Rhett Desselle ("Deselle"), Assistant Secretary of the DOTD, and Mr. Marshall Hill.

On August 25, 2014, Defendants filed a memorandum in opposition to the Motion to Quash. [Doc. No. 280]. Defendants contend that LeBas was "highly involved" in the response to the allision and has personal knowledge of highly relevant issues in the litigation. [Doc. No. 280, pp. 2, 5-6]. According to Defendants, Deselle testified at a deposition on August 22, 2014, that he drove to and from the bridge site with LeBas and that, during the drive, he consulted with LeBas about the DOTD's decision to fill the scour hole. Additionally, Defendants point out that LeBas corresponded with DOTD engineers who were monitoring the bridge following the incident and was the recipient of internal email correspondence and memoranda on issues related to the scouring.

Pursuant to Federal Rule of Civil Procedure 45(d)(3), a properly issued subpoena must be be quashed under certain conditions and may be quashed under other conditions. In this case, none of the permissive reasons for quashing a subpoena are present and most of the required reasons for quashing a subpoena are also inapplicable. Based on DOTD's arguments, the only potentially applicable provision requires the Court to quash a subpoena if it poses an "undue burden" on the person to whom it was issued. FED. R. CIV. P. 45(d)(3)(A).

In this case, the Court finds no such burden on LeBas. This lawsuit was initiated by the

DOTD against Defendants. DOTD chose the forum, chose the arguments, and placed LeBas in the position of having to testify in this case. In this forum, the Federal Rules of Civil Procedure govern the issuance of subpoenas and the method for compelling testimony at a deposition or at trial, and Louisiana Revised Statute § 13:3667.3 is irrelevant to the Court's determination.

Moreover, even if the Court were to consider the reasoning behind La. Rev. Stat. § 13:3667.3, that reasoning has little application in this case. The Court is not persuaded by the argument that LeBas should be protected from testifying in a lawsuit for damages that her department initiated. It is inconceivable that she did not approve the filing of this lawsuit and would not have anticipated that her testimony could be required, particularly given the nature of the issues that remain before the Court in this bench trial.

Likewise, the Court finds that the Fifth Circuit case law cited by the DOTD, even if applicable, fails to support the quashing of the LeBas subpoena. "Although courts have for 70 years frowned upon permitting the deposition of high-ranking officials, the cases tend to be fact-intensive, with the facts of each case varying substantially; therefore, no single case dictates whether" a particular party should be able to depose or compel the testimony of a specific government official. There are only "general principles that can be gleaned [from] the case law." *Hernandez v. Tex. Dep't of Aging & Disability Servs.,* No. A–11–CV–856 LY, 2011 WL 6300852, at *2 (W.D. Tex. Dec. 16, 2011). It is well-settled in this circuit that "exceptional circumstances must exist before the involuntary depositions [and testimony] of high agency officials are permitted." *In re Office of Inspector General*, 933 F.2d 276, 278 (5th Cir. 1991) (per curiam)(citing *EEOC v. K–Mart*, 694 F.2d 1055, 1067–68 (6th Cir. 1982)). Thus, "top executive department officials should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions."

4

*Id.* (quoting *Simplex Time Recorder Co. v. Secretary of Labor*, 766 F.2d 575, 586 (D.C. Cir. 1985)). The reasoning behind these decisions is to prevent high-ranking or top government officials, who have "greater duties and time constraints" than other witnesses from having to spend "an inordinate amount of time tending to pending litigation." *Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007).

It may be argued that LeBas, as head of the DOTD, should be treated as a "high agency official." Additionally, the Court is aware that in *United States v. 11,950 Acres of Land (In re FDIC)*, 58 F.3d 1055 (5th Cir. 1995), the FDIC initiated the action, as the DOTD initiated this action. However, in that case, the FDIC filed a declaratory judgment action intended to give effect to an agency decision, and such agency actions are reviewed under the Administrative Procedures Act. The agency officials who made or participated in the decision are not normally required to "give testimony explaining their action unless there has been a strong showing of bad faith or improper behavior." 58 F.3d at 1062 (internal quotation marks and citations omitted). In contrast, this case was brought by the DOTD against Defendants for damages, and Defendants seek to compel her testimony on matters within her personal knowledge, not merely her signature on correspondence or her receipt of emails, but her personal participation in a meeting at the allision site, her discussion with her Assistant Secretary of the action regarding the repair of the scour hole, and her correspondence with engineers monitoring the allision site. Such testimony cannot be provided by other employees. Thus, the facts in this case compel the Court to find that Defendants properly seek to compel LeBas' testimony. Finally, the Court notes that its decision here today sets no persuasive authority for hauling LeBas into any court--state or federal--each time a DOTD decision might be questioned. Rather, under this fact-intensive inquiry, the Court finds that the Fifth Circuit case does

not support the quashing of the subpoena.

For the foregoing reasons, the DOTD's Motion to Quash is DENIED.

MONROE, LOUISIANA, this 27th day of August, 2014.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE