UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| LOUISIANA DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT | CIVIL ACTION NO. 12-0712 |
| VERSUS | JUDGE ROBERT G. JAMES |
| MARQUETTE TRANSPORTATION COMPANY, LLC and JOHN DOE | MAG. JUDGE JAMES D. KIRK |

## MEMORANDUM ORDER

Pending before the Court are Plaintiff Louisiana Department of Transportation and Development's ("DOTD") "Motion for Reconsideration and/or to Alter/Amend Judgement [sic] with Respect to the Trial Subpoena Issued to DOTD Secretary, Sherri LeBas" ("Motion for Reconsideration") [Doc. No. 283] and a Motion for Expedited Consideration of the DOTD's Motion for Reconsideration [Doc. No. 284]. DOTD moves the Court to reconsider or alter its August 27, 2014 Ruling [Doc. No. 281] and Order [Doc. No. 282] denying DOTD's Motion to Quash.

Given the fact that trial is set for September 9, 2014, expedited consideration is appropriate. Thus, the Court has considered the Motion for Reconsideration today.

Pursuant to Federal Rule of Civil Procedure 54(b), a district court may reconsider and reverse its prior rulings on any interlocutory order "for any reason it deems sufficient." *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 210–11 (5th Cir. 2010). First, the Court finds that DOTD has largely rehashed arguments that it has already considered in its initial ruling denying the DOTD's Motion to Quash. Second, the Court rejects DOTD's new argument that La. Rev. Stat. § 13:3667.3 is "in the nature of a privilege," an argument that could and should have been raised in its original motion.

Section 13:3667.3 is a state court procedural rule, applicable when persons covered by the statute are hailed to court. There is no state or federal case recognizing this procedural rule as creating a testimonial privilege. *See Tensas Poppadoc, Inc. v. Chevron U.S.A., Inc.*, 49 So.3d 1020, 1022 (La. App. 3rd Cir. 2010) (La. Rev. Stat. §13:3667.3 "sets forth the procedure for compelling the testimony of certain persons as witnesses in a lawsuit."). Further, the Court finds that it would not be appropriate to recognize such a privilege. *See Jaffee v. Redmond*, 518 U.S. 1, 8 (1996) ("Rule 501 of the Federal Rules of Evidence authorizes federal courts to define new privileges by interpreting 'common law principles . . . in the light of reason and experience.'") ( quoting Fed. R. Evid. 501)). Finally, the Court finds no hearing is necessary at this late date. Accordingly,

IT IS ORDERED that the Motion for Expedited Consideration [Doc. No. 284] is GRANTED, and the Motion for Reconsideration [Doc. No. 283] is DENIED. Defendants have sufficiently demonstrated that Ms. LeBas should be compelled to testify. Any factual disputes about her testimony will be addressed at trial.

MONROE, LOUISIANA, this 29th day of August, 2014.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE